IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Wind Turbine Industries Corp., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Jacobs Wind Electric Company, Inc., )<br>)<br>Defendant. )<br>) | Civil Action No.: 09-cv-00036 |

### DECLARATION OF ARCHIE PAVEK IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Archie Pavek, declare and state as follows:

1. I am the President and CEO of Wind Turbine Industries Corp. ("WTIC"). This declaration is prepared in support of WTIC's Opposition to Defendant's Motion for Partial Summary Judgment.

2. WTIC is a manufacturer of wind turbine equipment for the last 20 plus years under the trademark JACOBS

3. Wind turbines convert wind energy into electricity without using fossil fuels. The JACOBS generators WTIC manufactures create enough electricity to supply a typical farm, or up to three homes, with electricity. Most of the owners of these generators connect their generators to the normal power grid to either reduce their energy bills, or even out the ability to generate electricity only when the wind blows with the

more constant demand for electricity at most locations. Some of these generator owners are even able to turn a profit if their generators produce more energy than the owners use.

4. WTIC acquired the trademark JACOBS from Earth Energy Systems, Inc. ("EESI") by assignment dated December 15, 1986. WTIC acquired all right, title, and interest in the common law mark JACOBS for wind energy products and also acquired U.S. Trademark Reg. No. 1,206,629 for the trademark JACOBS in connection with "wind electric plants, comprising wind-driven electric generators and parts thereof mounted upon metal towers and the like." Before WTIC acquired the trademark from EESI in 1986, Prior Lake Machine, Inc. (PLM), 16801 Industrial Cir. SE, Prior Lake, Mn. 55372 had been a manufacturer of products that were branded with the JACOBS logo. Archie J. Pavek is President & CEO of Prior Lake Machine, Inc. EESI owed PLM a sum of money based on PLM's manufacturing. In order to settle that debt, EESI chose to sell the business. WTIC was incorporated in May 28, 1986. In December 1986 WTIC acquired the trademark as well as the ongoing business of manufacturing and producing wind energy equipment from EESI.

5. WTIC has continuously used the JACOBS trademark in connection with its sale of wind energy equipment since it acquired the trademark. WTIC has been active in manufacturing such products since it acquired the registration and is the only factory making JACOBS equipment since at least as early as 1986. It is further my understanding that WTIC acquired the trademark rights that belonged to EESI dating back to at least as early as 1980 when that company was originally formed.

6. As part of my role at WTIC, I talk with dealers who sell WTIC's wind energy products to customers. In late 2006 or early 2007, I had conversations with WTIC dealers and Riley Smith, who is my son-in-law and was the sales manager at WTIC. I learned that Paul Jacobs of Jacobs Wind Electric Company, Inc. was claiming that he owned trademark rights to the JACOBS mark.

7. Upon learning of Mr. Jacobs' claim, I conducted an online trademark search to determine the status of WTIC's trademark registration for the mark JACOBS that was the subject to U.S. Trademark Reg. No. 1,206,629. I found that the trademark had not been renewed. WTIC inadvertently had not filed the renewal paperwork. At no time did WTIC abandon or intend to abandon its JACOBS trademark. Rather, WTIC's previous counsel, who had also been counsel to JWEC, did not notify WTIC of the need to file the paperwork.

8. I learned about JWEC's trademark registration for the mark JACOBS WIND ENERGY SYSTEMS in late 2006 or early 2007. It was around that time that JWEC started commenting to dealers that it owned rights to the JACOBS mark. One potential dealer, Gary Hunt, was planning to open a new dealership for South America. He chose not to do so because Mr. Jacobs had informed Mr. Hunt that Mr. Hunt might be required to pay JWEC a royalty for using the JACOBS mark.

9. WTIC applied to re-register the mark JACOBS in 2007 after learning of the inadvertent expiration of Trademark Registration No. 1,206,629. On October 6, 2008, WTIC filed a second application for the mark JACOBS.

10. I have had an opportunity to review JWEC's memorandum of law in support of its motion for summary judgment. Several of the facts cited in that memorandum are inconsistent with my understanding of the facts related to this case.

11. On page 1 of the memorandum, JWEC claims that "There is no basis in law or in the undisputed factual record that WTIC is a successor of any kind to Jacobs Wind Electric Co. Inc." The statement is unclear whether "Jacobs Wind Electric Co. Inc." refers to the Florida entity that is the defendant in this case or the Delaware corporation that changed its name to Earth Energy Systems, Inc. The Delaware corporation that went by the name "Jacobs Wind Electric Co. Inc." was the predecessor in interest to WTIC's trademark rights. Furthermore, the Delaware company acquired its trademark rights from JWEC, the Florida entity. As such, WTIC is a successor in interest to the trademark rights in this case.

12. On page 2 of the memorandum, JWEC claims that "The undisputed facts in this matter show that Jacobs Wind has been continuously operated by the Jacobs family company since 1928." I have been in the wind energy business since the 1980s. To my knowledge, JWEC has not manufactured or put out wind energy systems other than remanufacturing used systems since the early 1980s. I also understand that JWEC was under a non-compete agreement from at least 1986-1988 not to compete in the wind energy business. JWEC's statement cannot be accurate.

13. My company currently owns the trademark JACOBS in connection with wind energy equipment. We manufacture new wind energy systems, affix new labels to those systems bearing the JACOBS trademark and sell them to customers as new,

warranted systems. WTIC is the only company who has used the JACOBS trademark in connection with the sale of new wind energy equipment since the time we acquired the trademark in 1986.

14. I believe that JWEC long ago abandoned any rights to use the trademark JACOBS in connection with the sale of wind energy equipment. JWEC has a limited license to use the JACOBS trademark in connection with the repair of existing systems, but does not have the right to use the mark in connection with the manufacture and sale of new products. The assignment WTIC received from EESI contemplates the arrangement that WTIC has the right to use the JACOBS trademark on products, and that assignment is subject to a license granted to JWEC to use the mark in connection with services related to the repair and manufacturing of the products. A true and correct copy of that assignment is attached hereto as Exhibit A.

15. WTIC is damaged by the existence of JWEC's trademark registration and application containing the JACOBS trademark in connection with wind energy equipment because that registration and application are blocking the registration of WTIC's legitimate trademark application.

16. I believe JWEC's registration and application are invalid as they are applied to wind energy products. I have been active in the wind energy business since as early as the 1980s. I attend trade shows, read industry publications, and talk to dealers in the wind energy industry. I have not seen any product, have not heard from anyone in the industry, and do not believe that JWEC has put out new wind energy products bearing the JACOBS trademark since I acquired the trademark rights to the JACOBS mark in 1986.

17. JWEC's only participation in the wind energy business has been in the repair and remanufacturing of used and second-hand wind energy products, not the manufacturing of wind energy products. JWEC acts as a repair facility for the products that WTIC manufactures or products that were put out in the field before WTIC acquired the JACOBS trademark in 1986.

18. WTIC does not contest JWEC's limited license to use the JACOBS trademark in connection with services for repairing JACOBS brand wind energy equipment, but WTIC, as the owner of the JACOBS mark in connection with wind energy products, should have a right to obtain the trademark registration for those goods. JWEC's application and registration for the goods that it has no right to use is contrary to the agreements JWEC and WTIC reached with EESI and is contrary to the fact that WTIC, not JWEC, has used the JACOBS mark in commerce for the last 20 plus years on wind energy products.

19. This lawsuit was brought because WTIC has a right to the JACOBS trademark as applied to wind energy products. JWEC, through its actions to register and claim rights to which it does not have, harms WTIC.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Date: 10/16/09

_____
Archie Pavek